UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE:

NATIONAL AIR CARGO, INC.,

DEBTOR.

CHAPTER 11
CASE NO. 1-14-_____

**DEBTOR'S APPLICATION TO EMPLOY AND RETAIN
HARTER SECREST & EMERY LLP AS COUNSEL TO DEBTOR AND
DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

National Air Cargo, Inc., as debtor and debtor-in-possession ("Debtor"), pursuant to Sections 327, 328 and 1107 of Title 11 of the United States Code ("Bankruptcy Code") and FED. R. BANKR. P. 2014 and 2016, hereby applies ("Application") for an order authorizing the employment and retention of HARTER SECREST & EMERY LLP ("HSE") as counsel to the Debtor *nunc pro tunc* to the commencement of the above-captioned chapter 11 case ("Chapter 11 Case"). In support of this Application, the Debtor relies upon and incorporates by reference the following: (i) Declaration of Brian T. Conaway in Support of Chapter 11 Petition and First Day Motions ("First Day Declaration"), filed contemporaneously herewith; and (ii) Declaration of Raymond L. Fink, Esq. with HSE ("Fink Declaration"), attached hereto as **Exhibit A**. In further support of this Application, the Debtor respectfully represents as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. This Court is the proper venue for this proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Sections 327, 328 and 1107 of the Bankruptcy Code, and FED. R. BANKR. P. 2014 and 2016.

## II. BACKGROUND

5. On August 19, 2014 ("Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition ("Voluntary Petition") for relief under Chapter 11 of the Bankruptcy Code.

6. The Debtor will continue to operate its business and manage its properties as debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7. The First Day Declaration provides additional information about the Debtor's business, events leading to bankruptcy and contents of the Voluntary Petition, and is fully incorporated herein by reference.

## III. BASIS FOR RELIEF REQUESTED

8. The Debtor has selected HSE to serve as counsel and perform all of the services necessary and desirable in this Chapter 11 Case on behalf of the Debtor. The Debtor selected HSE primarily because the firm's bankruptcy and financial reorganization practice group has extensive knowledge and experience.

9. Furthermore, HSE's broad-based practice, which includes expertise in the areas of corporate and commercial law, litigation, tax, intellectual property, employee benefits and real estate, will permit it to fully represent the interests of the Debtor in an efficient and effective manner.

## IV. SERVICES TO BE RENDERED

10. HSE is expected to render such legal services as the Debtor may consider desirable to discharge the Debtor's responsibilities and further the interests of the Debtor in the

Chapter 11 Case. In addition to acting as a spokesman for the Debtor, it is expected that HSE's services will include, without limitation, assisting, advising and representing the Debtor with respect to the following matters:

   a. The administration of the Chapter 11 Case and the exercise of oversight with respect to the Debtor's affairs, including all issues in connection with the Debtor, any potential committee or the Chapter 11 Case;

   b. The preparation on behalf of the Debtor of necessary applications, motions, memoranda, orders, reports and other legal papers;

   c. Appearances in Court and at statutory meetings of creditors to represent the interests of the Debtor;

   d. The negotiation, formulation and confirmation of a plan or plans of reorganization or liquidation, and matters related thereto;

   e. Such investigation, if any, as the Debtor may desire concerning the assets, liabilities, financial condition, sale of any of the Debtor's businesses, and operating issues concerning the Debtor that may be relevant to the Chapter 11 Case;

   f. Communications with the Debtor's constituents and others at the direction of the Debtor in furtherance of its responsibilities under the Bankruptcy Code; and

   g. The performance of all of the Debtor's duties and powers under the Bankruptcy Code, FED. R. BANKR. P. and such other services as are in the interests of those represented by the Debtor.

11. Given the Debtor's urgent needs, the Debtor has asked HSE to render legal services effective immediately, until the time this Court may be in a position to consider this Application. Thus, the Debtor requests that the retention of HSE be made effective *nunc pro tunc* to the Petition Date.

### V. PROFESSIONAL COMPENSATION

12. HSE has indicated its willingness to serve as counsel to the Debtor and to receive compensation and reimbursement in accordance with its standard billing practices for services

3

rendered and expenses incurred on behalf of the Debtor, in accordance with Sections 328, 330 and 331 of the Bankruptcy Code, or as otherwise ordered by this Court. The following professionals will be primarily responsible for HSE's representation of the Debtor (together with their 2014 hourly billing rate): (a) Raymond L. Fink, Esq. / Partner – $450.00; (b) John A. Mueller, Esq. / Associate – $300.00; (c) Emily C. Ayers, Esq. / Associate – $205.00; and (d) Paralegal – $100.00. To the extent that other HSE attorneys are needed to provide services, their applicable standard hourly rates will be charged. HSE's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions.

13. The above-referenced attorneys and other professionals at HSE who will render bankruptcy-related services to the Debtor have considerable experience in reorganization matters and are capable of rendering the services required. Members of HSE's bankruptcy and financial reorganization practice group are recognized as highly competent practitioners in those fields.

14. HSE's hourly billing rates for professionals are not intended to cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, HSE regularly charges its clients for the actual expenses and disbursements incurred in connection with the client's case, including, *inter alia*, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs and computer-aided research.

### VI. DISINTERESTEDNESS OF PROFESSIONALS

15. To the best of the Debtor's knowledge, except as stated in the Fink Declaration, HSE: (i) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code; (ii) has no direct connection with the Debtor's creditors or any other party-in-interest; and (iii) does not hold or represent any interest adverse to the Debtor in the matters for which it is to be retained.

4

16. HSE has informed the Debtor that, throughout this case, it will continue to conduct periodic conflicts analyses to determine whether it is performing, or has performed, services for any significant parties in interest in the Chapter 11 Case and if so, promptly update this Application and disclose any material developments regarding the Debtor or any other pertinent relationships that come to HSE's attention by way of a supplemental filing.

### VII. WAIVER OF NOTICE & STAY REQUIREMENTS

17. This Application is necessary for the Debtor to operate without interruption and to preserve value for its estate. Accordingly, to successfully implement the foregoing, the Debtor respectfully seeks a waiver of the notice requirements and 14-day stay under FED. R. BANKR. P. 6004(a) and (h) respectively.

### VIII. NOTICE

18. The Debtor will provide notice of this Application to the following: (i) Office of the U.S. Trustee for the Western District of New York; (ii) Banks; and (iii) parties included on the Debtor's List of Creditors Holding Twenty (20) Largest Unsecured Claims. The Debtor submits that it does not need to provide any other or further notice.

### IX. NO PRIOR REQUEST

19. The Debtor has not made any prior request for the relief sought in this Application to this or any other court.

### X. CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an Order, substantially in the form of the *proposed* Order attached hereto as **Exhibit B**, along with such other relief as this Court deems just and proper.

Dated: October 15, 2014

**NATIONAL AIR CARGO, INC.**
· Debtor and Debtor in Possession

_____
Brian T. Conaway
· Secretary and Vice President of Finance
· National Air Cargo, Inc.