UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE:

NATIONAL AIR CARGO, INC.,

DEBTOR.

CHAPTER 11
CASE NO. 1-14- 12414 K

## *INTERIM* ORDER (I) ALLOWING ORDINARY COURSE INTERCOMPANY TRANSACTIONS AND (II) AUTHORIZING DEBTOR TO MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS

Upon the motion of National Air Cargo, Inc., as debtor and debtor-in-possession ("Debtor"), for an Order: (i) allowing ordinary course Intercompany Transactions[1] between the Debtor and non-Debtor affiliates; and (ii) authorizing the Debtor to maintain the existing Pre-petition Accounts and business forms [Docket No. 3 ]; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court is the proper venue for this proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT: *on an Interim basis*

1. The Motion is GRANTED as set forth herein.

2. The Final Hearing shall be held on **November 18 , 2014, at 2:00 a.m./p.m.** Any objections or responses to the Motion shall be filed on or before **November 14 , 2014,**

---

[1] All capitalized terms used but otherwise not defined herein have the meaning set forth in the Motion.

1

at ~~1 p.m.~~ NOON and served on parties in interest as required by the Local Rules. This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection.

3.    Pursuant to Sections 105(a) and 363(c) of the Bankruptcy Code, the Debtor is authorized, but not required, in its business judgment, to continue performing under and honoring the Intercompany Transactions (as described and defined in the Motion). The Debtor shall: (a) keep records of any post-petition Intercompany Transactions that occur during the Chapter 11 case; (b) put in place accounting procedures to identify and distinguish between pre-petition and post-petition Intercompany Transactions and to track post-petition Intercompany Transactions; and (c) provide reasonable access to such records and procedures.

4.    Pursuant to Sections 364(b) and 503(b)(1) of the Bankruptcy Code, the Debtor is authorized to treat all claims relating to Intercompany Transactions arising after the Petition Date in the ordinary course of business owed by the Debtor to a non-debtor affiliate as administrative priority expenses.

5.    Pursuant to Section 363(c)(1) of the Bankruptcy Code, the Debtor is authorized to: (a) continue to using the Pre-petition Accounts (as described and defined in the Motion); (b) use, in its present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders and invoices), as well as checks and other documents related to the Pre-petition Accounts existing immediately before the Petition Date, without reference to its status as debtor in possession; *however*, upon depletion of the Debtor's correspondence and business forms, the Debtor will obtain new business forms reflecting its status as debtor in possession and as soon as practicable after the Petition Date, the Debtor will note its status as

2

"debtor in possession" on checks that are electronically printed; and (c) treat the Pre-petition Accounts for all purposes as accounts of the Debtor as debtor in possession.

6.     Except as otherwise expressly provided in this Order, the banks at which the Pre-petition Accounts are maintained (collectively "Banks") are authorized, but not directed, to debit the Debtor's accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Petition; and (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtor's accounts with such Bank prior to filing of the Petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to filing of the Petition.

7.     The Banks may rely on the representations of the Debtor with respect to whether any check, item, or other payment order drawn or issued by the Debtor prior to filing of the Petition should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

8.     The Banks are authorized to charge and the Debtor is authorized to pay or honor, both pre-petition and post-petition service and other fees, costs, charges and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with the Debtor. The Debtor shall reimburse the Banks for any claim arising prior to or after the Petition Date in connection with any returned items to the Pre-petition Accounts in the normal course of business.

3

9.     Nothing herein shall impair the Banks from modifying or terminating any Pre-petition Accounts or related services in accordance with the agreements governing such accounts or services.

10.     To the extent that any inconsistency exists between this Order and the U.S. Trustee Guidelines, this Order shall control and the Debtor is hereby permitted to maintain deposits in the Pre-petition Accounts in accordance with existing practices.

11.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.     Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) an approval or assumption of any agreement, contract or lease pursuant to Section 365 of the Bankruptcy Code; (iii) a waiver of the rights of the Debtor; or (iv) shall impair the ability of the Debtor, to contest the validity and amount of any payment made pursuant to this Order.

13.     The notice requirements and 14-day stay under FED. R. BANKR. P. 6004(a) and (h) are hereby waived, and this Order shall be effective immediately upon entry.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: October _22_, 2014
       Buffalo, New York

_____
HONORABLE_____
U.S. BANKRUPTCY JUDGE

4