UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE:

NATIONAL AIR CARGO, INC.,

    DEBTOR.

CHAPTER 11
CASE NO. 1-14-12414 K

### *INTERIM* ORDER (I) AUTHORIZING DEBTOR'S PAYMENT OF CERTAIN PRE-PETITION EMPLOYEE OBLIGATIONS AND CONTINUATION OF PRE-PETITION EMPLOYEE BENEFITS AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the motion of National Air Cargo, Inc., as debtor and debtor-in-possession ("Debtor"), for an Order: (i) authorizing the Debtor to pay certain pre-petition Employee Obligations[1] and to continue to honor the programs under which such obligations and benefits arise in the ordinary course; and (ii) authorizing financial institutions to honor and process related checks and transfers [Docket No. 6]; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court is the proper venue for this proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Final Hearing shall be held on **November 18, 2014, at 2:00 a.m./p.m.** Any objections or responses to the Motion shall be filed on or before **November 14, 2014,**

---

[1] All capitalized terms used but otherwise not defined herein have the meaning set forth in the Motion.

at ~~4 p.m.~~ Noon and served on parties in interest as required by the Local Rules. This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection.

3. Subject to the limitations found in Section 507(a)(4) of the Bankruptcy Code, the Debtor is authorized, but not directed, to pay and honor all pre-petition Employee Obligations and to continue to honor the programs under which such obligations and benefits arise in the ordinary course, pursuant to the Debtor's stated pre-petition policies and practices, *excluding Christopher AIG during the 1st 21 days.*

4. The Debtor and any applicable third parties are authorized, but not directed, to continue to allocate and distribute taxes to the appropriate third-party recipients or taxing authorities, pursuant to the Debtor's stated pre-petition policies and practices.

5. The Debtor is authorized, but not directed, to continue to pay and honor Employee Obligations relating to funding of the Debtor's 401(k) plan, including authorization to allow the post-petition transfer to ADP of approximately **$21,157.24** due and owing as of the Petition Date.

6. The Debtor is authorized, but not directed, to continue to pay and honor Employee Obligations relating to optional health insurance coverages and plans, including approximately **$9,679.53** due and owing as of the Petition Date.

7. The Debtor is authorized, but not directed, to continue to pay and honor Employee Obligations in the form of Expense Reimbursements, including approximately **$30,000** due and owing as of the Petition Date.

8. The Debtor is authorized, but not directed, to continue to pay and honor Employee Obligations relating to ADP's processing services, including approximately **$8,607.58** due and owing as of the Petition Date.

9. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. Noting herein shall be deemed to authorize the payment of any amounts or the incurrence of any obligation that would violate Section 503(c) of the Bankruptcy Code.

11. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) an approval or assumption of any agreement, contract or lease pursuant to Section 365 of the Bankruptcy Code; (iii) a waiver of the rights of the Debtor; or (iv) shall impair the ability of the Debtor, to contest the validity and amount of any payment made pursuant to this Order.

12. The notice requirements and 14-day stay under FED. R. BANKR. P. 6004(a) and (h) are hereby waived, and this Order shall be effective immediately upon entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: October 22, 2014
Buffalo, New York

HONORABLE
U.S. BANKRUPTCY JUDGE

FILED
OCT 2 2 2014
BANKRUPTCY COURT
BUFFALO, N.Y.

3