UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE:

NATIONAL AIR CARGO, INC.,

DEBTOR.

CHAPTER 11
CASE NO. 1-14-12414-MJK

**DEBTOR'S MOTION FOR ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) APPROVING THE DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE AND (III) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY PROVIDERS**

National Air Cargo, Inc., as debtor and debtor-in-possession ("Debtor"), pursuant to Sections 105(a) and 366 of Title 11 of the United States Code ("Bankruptcy Code") and FED. R. BANKR. P. 6003 and 6004, submits this motion ("Motion") for an order: (i) prohibiting utility providers (collectively "Utility Providers") from altering, refusing or discontinuing utility services; (ii) approving the Debtor's proposed adequate assurance; and (iii) establishing procedures for resolving objections thereto by utility providers. In support of this Motion, the Debtor respectfully represents:

**I. JURISDICTION & VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. This Court is the proper venue for this proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Sections 105(a), 345, 363, 364 and 503 of the Bankruptcy Code, and FED. R. BANKR. P. 6003 and 6004.

## II. BACKGROUND

5.      On October 17, 2014 ("Petition Date"), the Debtor commenced this Chapter 11 case ("Chapter 11 Case") by filing a voluntary petition ("Voluntary Petition") for relief under Chapter 11 of the Bankruptcy Code.

6.      The Debtor will continue to operate its business and manage its properties as debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7.      The Declaration of Brian T. Conaway in Support of Chapter 11 Petition and First Day Motions provides additional information about the Debtor's business, events leading to bankruptcy and contents of the Voluntary Petition, and is fully incorporated herein by reference.

## III. REQUEST FOR RELIEF

### A. *Utility Services & Providers*

8.      In the ordinary course of business, the Debtor incurs utility expenses for the use of natural gas, electricity, water, sewer service, local and long-distance telephone services, and other similar services (collectively "Utility Services").  On a monthly basis, the Debtor spends an aggregate of approximately $32,000.00 for the various Utility Services.  A list of substantially all of the Utility Providers that provide Utility Services to the Debtor is attached hereto as **Exhibit A** ("Utility Service List").  The requested relief is sought with respect to all Utility Providers and is not limited to those entities on the Utility Service List.[1]

---

[1] The Debtor has exercised its best efforts to list all applicalbe Utility Providers on the Utility Service List, but it is possible that certain entities were inadvertently omitted.  The Debtor reserves the right, pursuant to the terms of this Motion and without further order of the Court, to amend the Utility Service List to add and seek relief pertaining to any omitted Utility Providers.  The Debtor reserves the right to contest that any of the entities nor or hereafter on the Utility Service List are not "utilities" within the meaning of Section 366(a) of the Bankruptcy Code.

2

9.    Uninterrupted Utility Services are essential to the Debtor's ongoing operations. Further, replacement Utility Providers are difficult to identify and in certain locations, impossible to find given the monopolistic nature of the industries.

10.   Any interruption of the Utility Services will cause severe disruption of the Debtor's operations and negatively impact the estate, creditors and employees. If the Debtor is to survive as a going concern, it must continue to receive uninterrupted Utility Services.

### B. *Proposed Adequate Assurance*

11.   Section 366(a) of the Bankruptcy Code prohibits utilities from altering, refusing or discontinuing service to a debtor for the first twenty (20) days of a bankruptcy case "solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for services rendered before the order for relief was not paid when due."

12.   Pursuant to Section 366(c)(2) of the Bankruptcy Code, a utility provider may only refuse or discontinue service to a debtor after the first thirty (30) days if the debtor has not furnished the utility provider with adequate assurance of future payment within such period.

13.   This case is unique in that the Debtor was not delinquent with any Utility Providers as of the Petition Date.

14.   The Debtor intends to pay ***all pre and post-petition obligations*** owed to Utility Providers (without proration) in a timely manner, consistent with the pre-petition ordinary course of operating its business ("Proposed Adequate Assurance"). Further, once the current pending obligations are paid in full, the Utility Providers will no longer represent pre-petition creditors of the Debtor.

15.   Given the Debtor's impeccable business history with Utility Providers, it does not believe that other or further assurance is necessary.

3

## C. *Additional Adequate Assurance Procedures*

16.     In light of the severe consequences to the Debtor from any interruption in Utility Services, the Debtor proposes that the Order approves and adopts the following procedures ("Additional Adequate Assurance Procedures"):

(i)     Absent compliance with the Additional Adequate Assurance Procedures, the Utility Providers are forbidden to discontinue, alter or refuse service because of any unpaid prepetition charges, or require additional adequate assurance of payment.

(ii)     Any Utility Provider desiring additional adequate assurance must serve a request ("Additional Adequate Assurance Request") so that it is received by the Debtor within twenty (20) days of the entry of any Order regarding this Motion ("Request Deadline") at the following addresses: (a) National Air Cargo, Inc., 350 Windward Drive, Orchard Park, NY 14127; and (b) HARTER SECREST & EMERY LLP, 12 Fountain Plaza, Suite 400, Buffalo, NY 14202, Attn: Raymond L. Fink, Esq. and John A. Mueller, Esq.

(iii)     Any Additional Adequate Assurance Request must: (a) be made in writing; (b) set forth the location for which Utility Services are provided; (c) include a summary of the Debtor's payment history relevant to each affected account, including any security deposits; and (d) set forth why the Utility Provider believes there is insufficient adequate assurance of future payment.

(iv)     Upon the Debtor's receipt of any Additional Adequate Assurance Request at the addresses set forth above, the Debtor shall have twenty (20) days from

4

receipt ("Resolution Period") to negotiate with such Utility Provider to resolve the request for additional assurance of payment.

(v) The Debtor may, in its discretion, resolve any Additional Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Bankruptcy Court, and provide a Utility Provider with additional adequate assurance in the form of cash deposits, prepayments or other forms of security, without further order of the Bankruptcy Court, if the Debtor believes it is reasonable.

(vi) If the Debtor determines that the Additional Adequate Assurance Request is unreasonable and unable to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor may request a hearing before the Bankruptcy Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider ("Determination Hearing"), pursuant to Section 366(c)(3) of the Bankruptcy Code.

(vii) During any Resolution Period or pending Determination Hearing, the particular Utility Provider that submitted the Additional Adequate Assurance Request is restrained from discontinuing, altering or refusing service to the Debtor because of unpaid charges for pre-petition services or any objections to the Proposed Adequate Assurance.

(viii) Any Utility Provider that does not file an Additional Adequate Assurance Request by the Request Deadline is deemed to have received adequate assurance of payment that is satisfactory to such Utility Provider within the meaning of Section 366 of the Bankruptcy Code, and is further deemed to have waived any

5

right to seek additional adequate assurance durng the course of the Debtor's Chapter 11 Case, subject to the occurrence of a materially adverse change in the Debtor's circumstances, at which point a Determination Hearing will be scheduled.[2]

## IV. BASIS FOR RELIEF

17.     Courts have long recognized that "[t]he purpose of the elective rights in 11 U.S.C. § 366 is to assure continuation of requisite utility services by a debtor upon timely request therefor, and upon adequate assurance of future payment for the service including such deposit as is determined necessary to guarantee performance thereof." *In re Kentech Corp.*, 36 B.R. 552, 553 (W.D.K.Y. 1983).

18.     Under Section 366 of the Bankruptcy Code, "[b]ankruptcy courts are afforded reasonable discretion in determining what constitutes adequate assurance including discretion to determine that no deposit or other security is necessary." *In re Steinebach*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2003) (emphasis added).

19.     Most importantly, the applicable standard continues to be "adequate" assurance of payment and courts have long held that the "statute does not require an absolute guarantee of payment" by the debtor. *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996). Rather, "all § 366(b) requires is that a utility be protected from an unreasonable risk of non-payment." *Steinebach*, 303 B.R. at 641.

20.     As part of the court's discretion under Section 366 of the Bankruptcy Code, "a utility [should] receive only such assurance of payment as is sufficient to protect its interests

---

[2] For each Utility Provider subsequently added to the Utility Service List ("Additional Utility Provider"), the Debtor shall serve a copy of this Motion and the Order on such Additional Utility Provider ("Supplemental Service"), along with an amended Utility Service List, and such Additional Utility Provider shall have twenty (20) days from the date of the Supplemental Service to make an Additional Adequate Assurance Request.

Case 1-14-12414-MJK    Doc 45    Filed 11/06/14    Entered 11/06/14 17:56:32    Desc Main
Document    Page 6 of 8

given the facts of the debtor's financial circumstances." *In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987); *see also In re Penn Cent. Transp. Co.*, 467 F.2d 100, 103-04 (3d Cir. 1972) (no utility deposits necessary if it "would jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected").

21.     Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." As detailed herein, continued and uninterrupted Utility Services are essential to the Debtor's ongoing operations and clearly in the best interests of the Debtor's estate, such that approval is within the Court's equitable power under Section 105(a).

## V. NOTICE

22.     The Debtor will provide notice of this Motion to the following: (i) Office of the U.S. Trustee for the Western District of New York; (ii) parties who have filed a notice of appearance in this case; and (iii) parties included on the Utility Service List attached hereto as **Exhibit A**. The Debtor submits that it does not need to provide any other or further notice.

## VI. NO PRIOR REQUEST

23.     The Debtor has not made any prior request for the relief sought in this Motion to this or any other court.

## VII. CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an Order, substantially in the form of the *proposed* Order attached hereto as **Exhibit B**, along with such other relief as this Court deems just and proper.

7

Dated: November 6, 2014                **HARTER SECREST & EMERY LLP**
            Buffalo, New York

                             */s/ John A. Mueller*
                           Raymond L. Fink, Esq.
                           John A. Mueller, Esq.
                           · *Proposed Counsel to Debtor*
                           12 Fountain Plaza, Suite 400
                           Buffalo, New York  14202-2293
                           (716) 853-1616
                           rfink@hselaw.com
                           jmueller@hselaw.com

Case 1-14-12414-MJK    Doc 45    Filed 11/06/14    Entered 11/06/14 17:56:32    Desc Main
Document      Page 8 of 8