PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (RF2836)
Bradford J. Sandler (BS1367, petition for attorney admission to W.D.N.Y. pending)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
         bsandler@pszjlaw.com

[Proposed] Attorneys for the
Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NATIONAL AIR CARGO, INC., | Case No. 14-12414-MJK |
| Debtor. | |

**MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR AN ORDER CLARIFYING THE REQUIREMENTS
TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

The Official Committee of Unsecured Creditors (the "Committee") of National

Air Cargo, Inc. (the "Debtor") hereby moves this Court (the "Motion") for entry of an order

pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), clarifying the requirement of the Committee to provide access to

confidential or privileged information to creditors. In support of the Motion, the Committee

respectfully states as follows:

**JURISDICTION**

1.      Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. This is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this District is proper pursuant to

28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are sections 105(a),

107(b), and 1102 of the Bankruptcy Code.

## BACKGROUND

3.  On October 17, 2014 (the "Petition Date"), the Debtor filed a voluntary

petition with this Court under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107 and

1108 of the Bankruptcy Code, the Debtor is continuing to operate their business and manage

their properties and assets as a debtor in possession.  No trustee or examiner has been appointed

in this Case.

4.  On November 7, 2014, the Office of the United States Trustee (the

"UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  *See* Docket

No. 47.  The Committee consists of the following five members: (i) Guthrie Trucking; (ii) DC

Dyna, Inc.; (iii) Ground Force Ltd.; (iv) Key Air LLC; and (v) Global BTG.

## RELIEF REQUESTED

5.  By this Motion, the Committee seeks entry of an order of the Court

clarifying the requirement of the Committee to provide access to the Debtor's Confidential

Information (as defined below) and/or Privileged Information (as defined below) to any creditor

the Committee represents.  The procedure proposed herein will help ensure that confidential,

privileged, proprietary, and/or material non-public information will not be disseminated to the

detriment of the Debtor's estate and will aid the Committee in performing its statutory function.

6.  Specifically, the Committee requests authority to (a) withhold

Confidential Information and Privileged Information under the 'information access' prong of the

2

statute and (b) satisfy its duties under the 'comment solicitation' prong of the statute by means of a link to a web page posted on, and accessible via, an internet website dedicated to the Committee. The Committee seeks to satisfy its information sharing obligations in as streamlined and inexpensive a manner as possible. Thus, the Committee will communicate with its constituency through, *inter alia*, the website established at: www.pszjlaw.com/nationalaircargo. In order to facilitate recognition and ease of access for creditors, the Committee further requests permission to use the Debtor's logo on the website during the period that this bankruptcy case is open.

## BASIS FOR RELIEF

7. Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). Section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to the creditors it represents nor does the associated legislative history provide any guidance.

8. The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor will share various confidential and other non-public proprietary information with a creditors' committee (the "Confidential Information").[1] Creditors' committees then use this Confidential Information to assess, among

---

[1] For purposes of this Motion, the term "Confidential Information" shall mean all non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtor's financial condition or performance, the Debtor's business operations, including, without limitation, any and all information relating to the Debtor's suppliers and customers, the valuation of the Debtor and/or their assets, or the sale of the Debtor's assets provided to the Committee by the Debtor, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtor (whether or not marked confidential), or any other materials provided to the Committee by or on behalf of the Debtor, as well as derivations, summaries, and analyses of the same.

3

other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, the results of any revised operations of the debtor, and the debtor's overall prospects for reorganization under a chapter 11 plan. Section 1102(b)(3)(A) raises the issue of whether a creditors' committee could be required to share a debtor's Confidential Information with any creditor that the creditors' committee represents.

9.      In these cases, absent appropriate protections, the Debtor might be unwilling to share Confidential Information with the Committee, impeding the Committee's ability to function effectively and impairing the Committee's working relationship with the Debtor. Given the importance of the issue, the Committee seeks an order of the Court clarifying the requirement of the Committee to provide access to the Debtor's Confidential Information to any creditor the Committee represents.

10.      That section 1102(b)(3)(A) could be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable privilege for that matter) to the creditors the Committee represents also raises the issue of whether the Committee could be required to disclose the Debtor's or its own privileged information (collectively, the "Privileged Information").[2] Given the importance of the issue, the Committee seeks an order of the Court clarifying the requirement of the Committee to provide access to the Debtor's Privileged Information to any creditor the Committee represents. Of course, the Committee should be permitted in its sole discretion, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information was not

---

[2]      For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtor or some other party.

4

Confidential Information, and (b) the relevant privilege was held and controlled solely by the Committee.

11.    In sum, the Committee respectfully submits that section 1102(b)(3)(A) of the Bankruptcy Code is unclear and ambiguous.  The statute simply requires a committee "to provide access to information," without offering any guidance as to the type, kind and extent of the information to be provided.  In its extreme, section 1102(b)(3)(A) could be read as requiring a committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements.  *See* 17 C.F.R. §§ 243.100 to 243.103 (2005).  The Committee submits that this is not the proper reading.

12.    Instead, given the ability to rapidly disseminate information online or otherwise, the drafters of section 1102(b)(3) likely intended this provision to mean that a creditors' committee's constituency should have easier access to relevant public information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case.  Congress could not have intended for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from a debtor.  If this had been the intention, section 1102(b)(3) would then frustrate numerous provisions of the Bankruptcy Code.

13.    Section 107(b)(1) of the Bankruptcy Code suggests that the Committee's interpretation is correct because section 107(b)(1) provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information." *Video Software Dealers Ass'n v. Orion*

5

*Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). That any interpretation of section 1102(b)(3) must be in keeping with the mandatory provisions of section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018. As a result, section 107(b)(1) and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Debtor's Confidential Information and all Privileged Information from disclosure to general creditors.

14. Accordingly, courts confronting this issue have entered orders providing that creditors' committees are not required to provide access to confidential or privileged information. *See, e.g.*, *In re R. Esmerian Inc.*, Case No. 10-12719 (RDD) (Bankr. S.D.N.Y. Jan. 18, 2011); *In re Neff Corp.*, Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. July 13, 2010); *In re 155 Route 10 Associates, Inc.*, Case No. 12-24414 (NLW) (Bankr. D.N.J. Aug. 6, 2012); *In re Hudson Healthcare, Inc.*, Case No. 11-33014 (DHS) (Bankr. D.N.J. Sept. 13, 2011); *In re Tarragon Corporation*, Case No. 09-10555 (DHS) (Bankr. D.N.J. Apr. 23, 2009); *In re Kara Homes, Inc.*, Case No. 06-19626 (MBK) (Bankr. D.N.J. Dec. 12, 2006); *In re Beth Israel Hosp. Assoc. of Passaic d/b/a PBI Reg'l Med. Ctr.*, Case No. 06-16186 (NLW) (Bankr. D.N.J. Sept.7, 2006); *In re Namco, LLC*, Case No. 13-10610 (Bankr. D. Del. May 22, 2013); *In re Tri-Valley Corporation*, Case No. 12-12291 (MFW) (Bankr. D. Del. Oct. 17, 2012); *In re Contract Research Solutions Inc.*, Case No. 12-11004 (KJC) (Bankr. D. Del. June 6, 2012); *In re Coach America Holdings, Inc.*, Case No. 12-10010 (KG) (Bankr. D. Del. March 15, 2012); *In re SSI Group Holding Corp.*, Case No. 11-12917 (MFW) (Bankr. D. Del. Nov. 28, 2011).

DOCS_DE:196332.1

15.     Such an order is appropriate in these cases because the Debtor is in a competitive industry with highly sensitive proprietary information.  If the Debtor's general creditors or competitors buying claims could require the Committee to turnover Confidential Information in the possession of the Committee, such information could easily become public immediately thereafter.  This would result in competitors gaining access to the Debtor's business strategies and intended initiatives, thereby allowing them to exploit the Debtor's Confidential Information, which would reduce – if not altogether eliminate – the value of such initiatives to the estate, and thus diminish the value of the estate to all creditors.  Other Confidential Information of the Debtor, like compensation levels, is of a sensitive nature.  Disclosure of such information could jeopardize employee morale and lead to sanctions under federal and state privacy laws.  In sum, the dissemination of the Debtor's Confidential Information to third parties could be disastrous.

16.     Accordingly, the Committee proposes the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.  The Committee may, until the earliest to occur of dissolution of the Committee, dismissal, or conversion of these chapter 11 cases, and a further order of the Court, set up and maintain a website.  For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep creditors informed as required by the statute by directing them to the Committee's own web page at www.pszjlaw.com/nationalaircargo to make non-confidential and non-privileged information available to unsecured creditors, which contains links to the Court's PACER website, posts relevant pleadings, and provides creditors with the information necessary to email or contact Committee counsel.  Further, in order to facilitate recognition and ease of access for creditors,

7

the Committee further requests permission to use the Debtor's logo on the website during the period that this case is active.

17.     The Committee proposes that the Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information.  In addition, the Committee proposes that it not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

18.     The Committee also proposes that any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery.

## NO PRIOR REQUEST

19.     No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

20.     Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the Western District of New York; (b) counsel to the Debtor; (c) parties on included on the Debtor's List of Creditors Holding Twenty (20) Largest Unsecured Claims; and (d) those parties who have requested notice

pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the

relief requested, no other or further notice need be given.

WHEREFORE, the Committee respectfully requests that this Court enter an

order, substantially in the form attached hereto, granting the relief requested therein, and such

other and further relief as this Court deems appropriate.

Dated: November 24, 2014

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Robert J.  Feinstein*
Robert J. Feinstein (RF2836)
Bradford J. Sandler (BS1367, petition for attorney
admission to W.D.N.Y. pending)
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
Email:  rfeinstein@pszjlaw.com


[Proposed] Attorneys for
The Official Committee of Unsecured Creditors

DOCS_DE:196332.1