PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (RF2836)
Bradford J. Sandler (BS1367, petition for attorney admission to W.D.N.Y. pending)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
 bsandler@pszjlaw.com

[Proposed] Attorneys for the
Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>NATIONAL AIR CARGO, INC.,<br><br>                  Debtor. | Chapter 11<br><br>Case No. 14-12414-MJK |

**APPLICATION FOR ENTRY FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL AIR CARGO, INC., EFFECTIVE AS OF NOVEMBER 14, 2014**

The Official Committee of Unsecured Creditors (the "Committee") of National Air Cargo, Inc. (the "Debtor") hereby submits its application (the "Application") for the entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of New York (the "Local Rules") authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in connection with the Debtor's chapter 11 cases, effective as of November 14, 2014. In support of the Application, the Committee submits the declaration of Bradford J. Sandler (the

"Sandler Declaration"), a partner of the Firm, attached hereto and incorporated herein by reference. In support of the Application, the Committee respectfully represents as follows:

## BACKGROUND

1. On October 17, 2014 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate their business and manage their properties and assets as a debtor in possession. No trustee or examiner has been appointed in this Case.

2. On November 7, 2014, the Office of the United States Trustee (the "UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See* Docket No. 47. The Committee consists of the following five members: (i) Guthrie Trucking; (ii) DC Dyna, Inc.; (iii) Ground Force Ltd.; (iv) Key Air LLC; and (v) Global BTG.

3. On November 14, 2014, the Committee selected PSZJ as its counsel, and subsequently, on November 20, 2014, the Committee selected Province Advisors. as its financial advisors.

4. The Firm has extensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including in this District in cases such as Empire Beef. Accordingly, the Committee believes that the Firm is well-qualified to render the services described below.

## JURISDICTION

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the

relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1.

## RELIEF REQUESTED

6. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in these chapter 11 cases. The Committee has selected PSZJ as its counsel in furtherance of the efficient administration of the estates on behalf of the Committee. The Committee seeks to retain the Firm effective as of November 14, 2014 because the Firm began providing services to the Committee as of such date. The Committee believes that such retention is appropriate in these cases because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of these cases, and the Firm has been providing services to the Committee since November 14, 2014.

## SERVICES TO BE RENDERED

7. Subject to further Order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

    a. Assisting, advising, and representing the Committee in its consultations with the Debtor regarding the administration of this case;

    b. Assisting, advising, and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

    c. Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

d. Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to these cases or to the formulation of a plan;

e. Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, and drafting of a plan of liquidation or reorganization;

f. Advising the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

g. Assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

h. Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

i. Providing such other services to the Committee as may be necessary in these cases.

## **NO ADVERSE INTEREST OF PROFESSIONALS**

8. To the best of the Committee's knowledge, and based upon the Sandler Declaration attached hereto, neither the Firm nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Sandler Declaration.

9. To the best of the Committee's knowledge, except as provided in the Sandler Declaration, neither the Firm, nor any of its attorneys represent any interest adverse to that of the Committee in the matters on which they are to be retained.

10. While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified. Should the Firm, through its continuing efforts or as these cases progress, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

DOCS_DE:196304.1

7

Case 1-14-12414-MJK    Doc 87-1    Filed 11/25/14    Entered 11/25/14 09:38:22    Desc Application for Entry for Order    Page 4 of 7

11.     The Firm represents many debtors and committees in other bankruptcy cases, and the debtors, the members of those committees, or those estates may be creditors of the Debtor. However, the Firm will not represent any members of those debtors, committees or their members with respect to any claims that they may have collectively or individually against the Debtor.

## PROFESSIONAL COMPENSATION

12.     The Committee desires to employ the Firm and compensate the Firm with reasonable fees to be determined by the Court. No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court. The Firm has received no retainer in these cases to represent the Committee. Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by the Firm in its representation of the Committee. The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

    a.  Robert J. Feinstein, Partner    $995.00 per hour

    b.  Bradford J. Sandler, Partner    $775.00 per hour

    c.  Margaret McGee, Paralegal    $295.00 per hour

13.     The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[1]

---

[1] These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

14. However, in this case PSZJ has agreed that should the Committee request that PSZJ submit interim and final fee applications with Mr. Feinstein's rate at $625.00 per hour and Mr. Sandler's rate at $575 per hour, and all other hourly rates discounted 25%, it will do so, and will not seek payment of the "discounted" amount from PSZJ's normal rates unless and until the Committee approves such request, which will be in its discretion.

15. PSZJ began performing services for the Committee on November 14, 2014, the date on which the Committee met to select its professionals. To ensure the prompt presentation of this Application, the Committee requests that the Court consider this Application as soon as possible on the Court's docket and approve this Application effective as of November 14, 2014.

## NOTICE

16. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the Western District of New York; (b) counsel to the Debtor; (c) parties on included on the Debtor's List of Creditors Holding Twenty (20) Largest Unsecured Claims; and (d) those parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no further notice is required.

## NO PRIOR REQUEST

17. No prior Application for the relief requested herein has been made to this or any other Court.

## WAIVER OF MEMORANDUM OF LAW

18. Because the legal points and authorities upon which this Application rely are incorporated herein and do not raise any novel issues of law is raised, the Committee respectfully

requests that the requirement that the service and filing of a separate memorandum of law pursuant to Local Rule 9013-1(B) be deemed waived.

**WHEREFORE**, the Committee requests that the Court enter the order (the "Order") annexed hereto as **Exhibit A**, approving the employment of the Firm as its counsel, effective as of November 14, 2014, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; and grant the Committee such other and further relief as the Court deems just and proper.

Date: November 24, 2014

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL AIR CARGO, INC.**

**By: GUTHRIE TRUCKING,**
solely in its capacity as Chair of the Committee and not in its individual capacity

*/s/ Warren Guthrie*
By: Warren Guthrie