# EXHIBIT C

IN THE CIRCUIT COURT, 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

ANGELA ALDAHWI, individually, and
ANGELA ALDAHWI, on behalf of and as
natural guardian of HYAAT ALDAHWI,

             Plaintiff,

v.

PALM BEACH ICE WORKS, L.L.C., a Florida
Limited liability company, NATIONAL
AIR CARGO HOLDINGS, INC., a Florida
corporation, LORI ALF, an individual,

             Defendants.

CASE NO.:

Judge:

_____/

## COMPLAINT

Plaintiffs, Angela Aldahwi, individually ("Aldahwi"), and Angela Aldahwi, on behalf of
and as natural guardian of Hyaat Aldahwi ("Hyaat Aldahwi"), through their undersigned
attorneys, file this Complaint against the Defendants, Palm Beach Ice Works, L.L.C., a Florida
limited liability company, National Air Cargo Holdings, Inc., a Florida corporation, and Lori Alf,
an individual (hereinafter referred to as "Defendant", unless differentiated), and allege:

### JURISDICTION AND VENUE

1.    This suit is brought by Plaintiffs against the corporate Defendants pursuant to
*Florida Statutes* § 760.01 *et seq.*, (the "Florida Civil Rights Act of 1992" or "FCRA"), for
discrimination by a place of public accommodation and acting in concert to discriminate against
the Aldahwis in a place of public accommodation because of their ancestry/national
origin/ethnicity, and claims for negligent and intentional infliction of emotional distress.

2.     Jurisdiction is conferred upon this Court by:

(a)     *Florida Statutes* § 34.01(1)(c)4 (1995) because Aldahwi is seeking more than $15,000 in damages;

(b)     Additionally, jurisdiction is conferred upon this Court pursuant to Article V, § 20(c)(3) of the Florida Constitution and *Florida Statutes* § 26.012(2)(c) (1995) because equitable relief is sought by Aldahwi.

3.     Venue is proper for the Circuit Court of Palm Beach County because:

(a)     the Aldahwis were discriminated against with respect to their use of a place of public accommodation in Palm Beach County, Florida by the Defendants all of whom at all material times conducted, and continue to conduct, business in Palm Beach County, Florida;

(b)     Additionally, venue lies pursuant to *Florida Statutes* § 47.051 because the acts that gave rise to Aldahwi's claim occurred in Palm Beach County, Florida and Defendant Palm Beach Ice Works, L.L.C.'s corporate office/headquarters is in Palm Beach County; and

(c)     Venue also lies in Palm Beach County because Lori Alf resides therein.

### CONDITIONS PRECEDENT

4.     The Aldahwis have complied with all the conditions precedent in this case, or they have been waived.

5.     Aldahwi timely filed a charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission on or about December 22, 2013, and Hyaat Aldahwi filed a Charge of Discrimination on or about December 22, 2013 with both the EEOC and the FCHR.   The Aldahwis did file charges of discrimination against Defendant National Air Cargo Holdings, Inc. (they referenced in their charges that they were filing them as to Palm Beach Ice Works, L.L.C. and National Air Cargo Group), and during the

2

NOT A CERTIFIED COPY

investigation process, the Aldahwis learned that the correct corporate National Air Cargo Group entity is National Air Cargo Holdings, Inc.). National Air Cargo Holdings, Inc. is owned by the same individuals (Christopher and Lori Alf) and has a business office in the same location as the other National Air Cargo Group entities, including National Air Cargo Group, Inc.), and thus Defendant National Air Cargo Holdings, Inc. was on notice of the charge of discrimination filed by the Aldahwis. Christopher and Lori Alf sit on the boards of both National Air Cargo Holdings, Inc. and National Air Cargo Group, Inc. (the former is the parent corporation of the latter), and Lori Alf sits on the Board of Directors of both Defendants.

6.      This Complaint has been filed more than one hundred and eighty (180) days after filing a charge with the FCHR (in fact, all of the charges referenced in ¶ 5), and the FCHR found cause to believe that Palm Beach Ice Works, L.L.C discriminated against the Aldahwis with respect to egress onto and use of the public accommodation that it is (see *Cause Finding Issued by the FCHR*, attached hereto as Composite Exhibit 1), but failed to find cause or no cause with respect to National Air Cargo Holdings, Inc. within 180 days of the filing of the charge of discrimination against it.

7.      Aldahwi and has satisfied all administrative prerequisites for all claims for relief asserted herein and for the Court's assumption of jurisdiction over all claims for relief herein pursuant to FCRA. Hyaat Aldahwi has also satisfied all administrative prerequisites for all claims for relief asserted herein and for the Court's assumption of jurisdiction over all claims for relief herein pursuant to FCRA.

## PARTIES

8.      Plaintiffs Aldahwi and Hyaat Aldahwi are both dual citizens of the United States and Iraq, who reside within Broward County, Florida.

3

9.     Defendant, Palm Beach Ice Works, L.L.C., is a Florida limited liability company which, at all times material, conducted substantial and continuous business in Palm Beach County, Florida, and is subject to the laws of the State of Florida, and has a business office and business location in Palm Beach County, Florida. The principal of this entity is Lori Alf who resides within Florida.

10.     Defendant, Air Cargo Holdings, Inc., is a Florida corporation which, at all times material, conducted substantial and continuous business in Palm Beach County, Florida, and is subject to the laws of the State of Florida, and its Board member Lori Alf has conducted and continues to conduct significant and substantial business on its behalf in Palm Beach County, Florida, including the commission of tortious conduct on its behalf.

11.     Defendant Palm Beach Ice Works, L.L.C. is a "place of public accommodation" within the meaning of the Florida Civil Rights Act of 1992, as it provided food services and other services to presumably any member of the public (except Iraqis) who chooses to patronize it.

12.     Defendant National Air Cargo Holdings, Inc. is a "place of public accommodation" within the meaning of the Florida Civil Rights Act of 1992, as it provided food services and other services to presumably any member of the public (except Iraqis, or at least the Aldahwis) who chooses to patronize it, alternatively, it conspired with and/or otherwise acted in concert with Defendant Palm Beach Ice Works, L.L.C. to deny the Aldahwis access to Defendant Palm Beach Ice Works, L.L.C.'s place of public accommodation (a skating rink), as Defendant Lori Alf has told people that she was banning the Aldahwis from Defendant Palm Beach Ice Works, L.L.C.'s in her capacity as a board member of National Air Cargo Holdings, Inc. and on behalf of National Air Cargo Holdings, Inc. Thus, indisputably, National Air Cargo Holdings, Inc., which is bound by the actions of its board members, is liable for the denial of use of a place of public accommodation.

4

*Florida Statutes* § 760.02(7) (stating that "any agent" of the employer (here National Air Cargo Holdings, Inc.) is also in effect the employer.

13.     The Aldahwis were, at all times material, members of the public entitled to egress onto and use the Defendants place of public accommodation, as contemplated by the Florida Civil Rights Act. *Florida Statutes* § 509.092. As is set forth in more detail below, the Aldahwis were denied egress onto and use of the Defendants' place of public accommodation on account of their national origin and/or race (Iraqi).

14.     *Florida Statutes* § 509.092 specifically states that "Public lodging establishments and public food service establishments are private enterprises, and the operator has the right to refuse accommodations or service to any person who is objectionable or undesirable to the operator, but such refusal may not be based upon race, creed, color, sex, physical disability, or national origin. A person aggrieved by a violation of this section or a violation of a rule adopted under this section has a right of action pursuant to s. 760.11."

15.     Regarding § 509.092's reference to § 760.11, the FCRA provides that any "person aggrieved by a violation of [FCRA]" may bring an action against any "employer, employment agency, labor organization, or joint-labor management committee". *Florida Statutes* § 760.11(1). There is no requirement that only an employee of the employer can bring an action under the statute. *Florida Statutes* § 760.01(2) (stating, to the contrary, that the FCRA contains a broad pronouncement to remedy *all* discrimination in the State of Florida). There is no requirement that only an employee of the employer can bring an action under the statute. *Id.* § 760.11(1) (stating that "[i]t is an unlawful . . . practice . . . to . . . *otherwise discriminate against any individual . . .*") (emphasis added). The Aldahwis are both "individuals" who were subjected

to discrimination because of their race/ethnicity/national original by an employer (the corporate Defendants).

16.  The individuals who were employed by the Defendant, including Lori Alf, as set forth below in detail, were agents of the Defendant and their actions bind the Defendant.

17.  At all times material to this action, the Defendant and certain of its representatives (agents) engaged in unlawful discriminatory practices against Aldahwi and Hyaat Aldahwi, which were motivated by Aldahwi's and Hyaat Aldahwi's race/ancestry/national, in violation of the Florida Civil Rights Act of 1992, and the Defendants subjected the Aldahwis to emotional distress.

## STATEMENT OF FACTS

18.  Angela Aldahwi is the mother of Hyaat Aldahwi.

19.  Hyaat is approximately 16 years old, and she is home schooled and is an ice skater with the dream and intention of becoming an Olympic skater.

20.  Hyaat was training at Palm Beach Ice Works, L.L.C. which is an ice skating rink in Palm Beach County, Florida.

21.  The owner of the ice skating rink is Lori Alf, who is also a director of National Air Cargo Holdings, Inc.

22.  Palm Beach Ice Works, L.L.C. has approximately 20 full-time employees.

23.  Defendant Alf is also a co-founder of a government contractor, National Air Cargo Holdings, Inc., which has military contracts (logistics and logistics support for military and civilian military-related transport) as approximately 80% of its business, including a significant portion of its business in the last few years and currently consisting of flights to Iran and Afghanistan.

NOT A CERTIFIED COPY

6

24.     When Hyaat trained at Palm Beach Ice Works, her coach was Steven Belanger, who is a Canadian Citizen.

25.     Belanger utilized the facility for his coaching, and Angela Aldahwi would pay Belanger for the training.

26.     Hyaat starting training at the Defendant's facility around July 2012, and continued to use the facility until she was unceremoniously and ignominiously thrown out of the facility sometime in early January 2013.

27.     Hyaat trained at the facility one to two times a week.

28.     Further, the Aldahwis were associate members of the facility, and Defendant Alf told them that they were prevented from ever using facility including not being able to test there, and Defendant Alf's statement is in violation of USFSA rules and procedures.

29.     There were no problems with the facility or its owner until sometime in late December 2012.

30.     In fact, Hyaat participated in a Christmas show at the facility and Angela volunteered and actually did volunteer work at the show.

31.     Defendant Alf also has a daughter a little older than Hyaat who is also an ice skater.

32.     At around the time of the show, Defendant Alf learned that Hyaat's father is Iraqi.

33.     After the holiday show Hyaat experienced terrible problems at the facility.

34.     Hyaat had applied for dual-Iraqi citizenship (dual with her United States citizenship), which she has since received.

35.     In any event, Hyaat and her family had decided that she was going to attempt to be a member of the Iraqi ice skating team and hoped to participate in the Olympics under the Iraqi flag.

36.     One day Hyaat wore a jacket to the skating rink which had an embroidered picture of ice skates with the small wording "Iraq".

37.     Immediately upon seeing the word "Iraq", Defendant Alf became belligerent toward the Aldahwis, and she announced that no skater would be allowed at the rink from who was Iraqi.

38.     Defendant Alf then said, "There won't ever be an Iraqi skater at the Olympics. Over my dead body".

39.     Angela Aldahwi thought it was strange that there was a birthday party in Boca Raton where all of the skaters and their families were invited except Hyaat.

40.     At that party, friends of Aldahwis reported that they heard the above-described comments from Defendant Alf.

41.     That party took place around January 5, 2013 (either on a Saturday or Sunday).

42.     Several individuals who were at the party named told Angela what happened.

43.     Then, sometime after the party, an employee named Brian from Ice Works called the Aldahwis, and he told Angela Aldahwi that, "This is the hardest call I've ever had to make." He further stated, "You and your daughter are no longer allowed at Ice Works; you cannot train or participate in any activity."

44.     Brian went on to say that there was a "conflict of interest."

8

45.     Then, Bonnie, another employee at Ice Works, said on the speaker phone, "You or your daughter did nothing wrong – this is coming from Defendant Alf. If you come here, she will have you escorted from the place, because she believes that there is a conflict of interest."

46.     Angela asked what she meant by conflict of interest, did that mean that it was because, "Hyaat will one day skate for Iraq", and Bonnie responded, "Yes".

47.     It should be noted that the skaters who utilize the rink represent many different countries and are from all over the world, with particular heavy participation from Norway, Europe, and Canada.

48.     Angela Aldahwi was stunned by the conversation, and she called an individual, who was one of the individuals who attended the party, and who she thought was her friend.

49.     During that conversation, the individuals from the party confessed what they heard at the party, and that they heard that Angela and Hyaat were going to be kicked out of the facility, and that she learned this at the party.

50.     After learning this information, Angela Aldahwi decided to call Belanger, her daughter's coach, to tell him the shocking news.

51.     Belanger already knew.

52.     In fact, Belanger admitted that he was asked by Defendant Alf to call Angela Aldahwi and tell her not to ever come back to the ice rink, but he refused.

53.     Belanger was not the one to tell Angela Aldahwi that he knew because Belanger never returned Angela Aldahwi's call.

54.     Initially, he did not say anything, but he just stopped coaching Hyaat, which was devastating for Hyaat and Angela.

55.    Belanger was being paid by Defendant Alf approximately $2,000 a week to train Defendant Alf's daughter, and this influence by the Alfs caused Belanger to stop all communication with Angela Aldahwi.

56.    In March 2013, Belanger bumped into the Aldahwis, and when he saw them and began talking with them, he started to cry, and he told them how he loved them both very much, and he said it was a bad situation.

57.    Belanger told the Aldahwis that Defendant Alf was openly bragging how she single-handedly drove "the Iraqis" out of the rink.

58.    Defendant Alf had also said this to other people.

59.    Defendant Alf was very mean to Belanger, calling him a "money whore", and customers of the rink stopped patronizing it when they witnessed and heard about the uncouth and belittling nature of Defendant Alf toward Belanger.

60.    Defendant Alf even ran Belanger out of the rink, and he left the employ of Defendant Alf to work elsewhere (he now coaches Hyatt).

61.    Defendant Alf realized that her actions could potentially lead to significant liability to the Defendants, because Defendant Alf saw the Aldahwis at an ice skating competition and inquired how much it would take to remedy the situation.

62.    Thereafter, the Aldahwis learned that Defendant Alf referred to them, as soon as she learned of the Iraq connection, as the "Iraqi fucking cunts".

63.    The Aldahwis also have learned that two prominent ice skating coaches, John Zimmerman and Silvia Fontana, were told by Defendant Alf that since Hyaat was being trained by them they could not work with Defendant Alf's daughter.

64.  Defendant Alf told them that Hyaat is on the "Iraqi Olympic team" and that is Defendant Alf's cannot train with that team or anyone associated with it.

65.  Defendant Alf has also referred to the Aldahwis as "towel heads."

66.  Whenever Aldahwis would show up at some competition where Defendant Alf was, Defendant Alf would constantly harass them, and it was clear that Defendant Alf was driven out of her mind with rage and hate toward the Aldahwis, simply because their ethnic characteristics/ancestry/national origin are Iraqi.

67.  Since approximately November 2013, Belanger is again coaching Hyaat.

68.  Witnesses have stated that Defendant Alf was telling people that there was a conflict of interest (between the Defendants and the Aldahwis) because of the Iraqi/Afghan war and what Defendant Alf's husband does for a living and the nature of National Air Cargo Holdings, Inc.

69.  This apparently prompted Defendant Alf to state, "We cannot allow someone from Iraq to come to our facility knowing that we make our money from the war."

70.  Further, Defendant Alf said this (the order in ¶¶ 68 and 69 to ban the Aldahwis from the facility) was ordered by the board of directors of National Air Cargo Holdings, Inc.

71.  Defendant Alf kept stating that allowing Hyaat to skate at the facility, "Will interfere with my company, National Air Cargo". Finally, Defendant Alf said, "We are not going to risk losing our contract because we have some Iraqi wannabe in our rink."

72.  Importantly, the Aldahwis are not supporters of Al-Qaeda nor are they allied in any way with enemies of the United States or militant Muslim extremist groups.

73.  They are simply human beings that want the best for the United States, their community, and their family.

74.    Thereafter, in the fall of 2013, during the South East Regionals Competition held in North Carolina, Defendant Alf and her daughter were overheard making fun of Hyaat and mockingly calling her the "$5,000,000 Iraqi skater".

75.    Defendant Alf then went on to brag that the Aldahwis were suing her for $5,000,000 because she had kicked the Aldahwis out of the rink, which is her rink to do.

76.    She further stated that she could buy all of Iraq for $5,000,000 and that the Aldahwis' assertion that they suffered severe emotional distress from the blatant discrimination in a place of public accommodation was all a sick joke.

77.    This mockery continued the entire time that Hyaat was skating and was loud enough for many people to hear about it, some of whom laughed with her. A few minutes later as Angela Aldahwi was coming out of the bathroom, Defendant Alf was speaking with another woman and when she saw Angela Aldahwi, she said that her daughter was not able to train with John Zimmerman and Silvia Fontana because "they train the fucking Iraqi team".

78.    Defendant Alf also told her that the Aldahwis were suing her for $5,000,000 because she kicked the Aldahwis out of her rink.

79.    Defendant Alf continued to say that she could not allow an Iraqi in her rink because of their (National Air Cargo Holdings, Inc. and Palm Beach Ice Works, L.L.C.'s) contracts.

80.    Defendant Alf's daughter has told many skaters at the Savelogy rink where Hyaat also trains, that the Aldahwis are suing her for $5,000,000 because her mom kicked the Aldahwis out because the Aldahwis are Iraqi and that this is a big joke.

81.    In late September at a competition in Ellenton, Florida, Defendant Alf pointed at Hyaat and told a woman and her employee that was with her that "there is the Iraqi Team".

12

82.     Defendant Alf then said that her daughter had to train with other coaches because John Zimmerman and Silvia Fontana were training the Iraqi Team.

83.     This was said loud so that Angela Aldahwi could overhear Defendant Alf from approximately 20 feet away, she then laughed about it, and while gesturing toward Hyaat and Angela Aldahwi, stated that, "Yes, there is the fucking Iraqi Team".

84.     Defendant Alf then passed by where the Aldahwis were sitting and where Hyaat's skate bags were placed, and Angela Aldahwi turned around as to not have any opportunity of a confrontation with her, as she passed by she said, "Those fucking Iraqis!"

85.     Angela Aldahwi then heard a noise and when she turned around Hyaat's "kiss and cry skate bag" had been knocked to the ground and everything was scattered on the floor.

86.     Defendant Alf then laughed and walked away as Angela Aldahwi went over to pick up her daughter's items.

87.     There was no legitimate business reason to throw Hyaat and Angela Aldahwi out of the ice rink, which is a place of public accommodation.

88.     National Air Cargo Holdings, Inc. along with Palm Beach Ice Works, L.L.C. (which are co-owned by the same people, Lori and Christopher Alf) denied Hyaat and Angela Aldahwi access to a place of public accommodation because of their race, ethnicity/ancestry/national origin and/or association with individuals of that race, ethnicity/ancestry/national origin (Iraqi), in violation of laws governing places of public accommodation, including *Florida Statutes* §§ 509.092 and 760.01 *et seq.*

89.     Defendant Alf owed the Aldahwis a duty not to subject them to emotional distress.

13

NOT A CERTIFIED COPY

90. It is clear that Defendant Alf's vitriolic and invidious references to them constitutes a breach of that duty and that such statements and actions (throwing them out of the a place of public accommodation under these circumstances) foreseeably placed the Aldahwis in a zone of increased risk or risk to be subjected to emotional distress which they had a common law duty to protect against (*e.g.*, as a patron would have toward a business invitee).

91. The Aldahwis were harmed by intentional or alternatively negligent conduct of the individuals described above which resulted in the Aldahwis being subjected to infliction of emotional distress.

92. The above-described actions of these individuals toward the Aldahwis constitutes willful or wanton misconduct toward the Aldahwis and is outrageous.

93. The Aldahwis are seeking to recover against the Defendants for the pain and suffering that she endured as a result of the Defendant's outrageousness toward them.

94. The Defendant's actions are in violation of *Florida Statutes* § 760.01 *et seq.*

95. Despite the charges of discrimination that were filed in December 2013, and despite the process being fully investigated by the FCHR, the Defendants were required to submit a written position statement and did submit such statement in March 2014, and despite that the FCHR found cause to believe that the Defendants violated the FCRA and in fact did ban the Aldahwis from the facility because of their national origin/race/ancestry, the Defendants have never apologized to the Aldahwis or otherwise informed them that their banishment from the facility is rescinded, and thus the Aldahwis are still currently banned from the facility, as this Complaint is being drafted and filed.

NOT A CERTIFIED COPY

14

96.     Angela Aldahwi and Hyaat Aldahwi have retained the undersigned legal counsel to prosecute this action in their behalf, and have agreed to pay counsel a reasonable fee for their services.

97.     Angela Aldahwi and Hyaat Aldahwi are entitled to their reasonable attorneys' fees if they are the prevailing party(s) in this action.

## COUNT I

## VIOLATION OF THE FCRA – PUBLIC ACCOMMODATION CLAIM

98.     Angela Aldahwi re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 97 as though fully set forth. This count is only brought pursuant to the corporate Defendant Palm Beach Ice Works, L.L.C.

99.     Defendant discriminated against Angela Aldahwi with respect to their egress into and use of employment because of her ancestry/national origin by terminating her.

100.    Defendant's actions violate the Florida Civil Rights Act of 1992, and specifically *Florida Statutes* §§ 760.11 and 509.092, by prohibiting Angela Aldahwi from egressing and using a place of public accommodation for over 2 years and otherwise treating her differently from similarly situated members of the public, because of her race/ethnic characteristics/ancestry/national origin and/or by associating with and identifying as being from and part of a certain race/ethnicity/ancestry/national origin; namely, Iraqi.

101.    As a direct and proximate result of the intentional and premeditated violation of the Florida Civil Rights Act by the Defendant with respect to its termination of her, by discriminating against her because of her race/ethnic characteristics/ancestry/national origin and/or by associating with and identifying as being from and part of a certain race/ethnicity/ancestry/national origin; namely, Iraqi, Angela Aldahwi has been damaged.

NOT A CERTIFIED COPY

102. Angela Aldahwi's damages include having to cover by using another facility, humiliation, emotional pain, distress, depression, loss of her self-esteem, loss of dignity, loss of enjoyment of life, economic losses, and punitive damages.

WHEREFORE, as to Count I, Aldahwi respectfully requests that this Court:

(a) Order Defendant to institute and carry out policies, practices, and programs which provide equal accommodation opportunities for its employees and for members of the public who patronize it or would like to patronize it, and which eradicate the effects of its past and present unlawful practices.

(b) Order Defendant to make Aldahwi whole by providing compensation for past pecuniary losses, caused by the denial of entry and use into the facility, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

(c) Order Defendant to make Aldahwi whole by providing compensation for future pecuniary losses, caused by the denial of entry and use into the facility, in amounts to be proven at trial.

(d) Order Defendant to make Aldahwi whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, loss of enjoyment of work, and humiliation, in amounts to be proven at trial.

(e) Order Defendant to pay Aldahwi punitive damages for its malicious and/or reckless conduct, in amounts to be proven at trial.

(f) Award Aldahwi her attorneys' fees and costs in this action.

(g) Grant such further relief as the Court deems necessary and proper.

<u>**COUNT II**</u>

<u>**VIOLATION OF THE FCRA – PUBLIC ACCOMMODATION CLAIM**</u>

103.    Angela Aldahwi re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 97 as though fully set forth.  This count is only brought pursuant to the corporate Defendant National Air Cargo Holdings, Inc.

104.    Defendant discriminated against Angela Aldahwi with respect to their egress into and use of employment because of her ancestry/national origin by terminating her.

105.    Defendant's actions violate the Florida Civil Rights Act of 1992, and specifically *Florida Statutes* §§ 760.11 and 509.092, by prohibiting Angela Aldahwi from egressing and using a place of public accommodation for over 2 years, and/or acting in concert with Defendant Palm Beach Ice Works, L.L.C. to so prohibit, and otherwise treating her differently from similarly situated members of the public, because of her race/ethnic characteristics/ancestry/national origin and/or by associating with and identifying as being from and part of a certain race/ethnicity/ancestry/national origin, namely, Iraqi.

106.    As a direct and proximate result of the intentional and premeditated violation of the Florida Civil Rights Act by the Defendant with respect to its termination of her, by discriminating against her because of her race/ethnic characteristics/ancestry/national origin and/or by associating with and identifying as being from and part of a certain race/ethnicity/ancestry/national origin; namely, Iraqi, Angela Aldahwi has been damaged.

107.    Angela Aldahwi's damages include having to cover by using another facility, humiliation, emotional pain, distress, depression, loss of her self-esteem, loss of dignity, loss of enjoyment of life, economic losses, and punitive damages.

WHEREFORE, as to Count II, Aldahwi respectfully requests that this Court:

(a)     Order Defendant to institute and carry out policies, practices, and programs which provide equal accommodation opportunities for its employees and for members of the public who patronize it or would like to patronize it, and which eradicate the effects of its past and present unlawful practices.

(b)     Order Defendant to make Aldahwi whole by providing compensation for past pecuniary losses, caused by the denial of entry and use into the facility, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

(c)     Order Defendant to make Aldahwi whole by providing compensation for future pecuniary losses, caused by the denial of entry and use into the facility, in amounts to be proven at trial.

(d)     Order Defendant to make Aldahwi whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, loss of enjoyment of work, and humiliation, in amounts to be proven at trial.

(e)     Order Defendant to pay Aldahwi punitive damages for its malicious and/or reckless conduct, in amounts to be proven at trial.

(f)     Award Aldahwi her attorneys' fees and costs in this action.

(g)     Grant such further relief as the Court deems necessary and proper.

## COUNT III

## VIOLATION OF THE FCRA – PUBLIC ACCOMMODATION CLAIM

108.    Hyaat Aldahwi re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 97 as though fully set forth.  This count is only brought pursuant to the corporate Defendant Palm Beach Ice Works, L.L.C.

109.     Defendant discriminated against Hyaat Aldahwi with respect to their egress into and use of employment because of her ancestry/national origin by terminating her.

110.     Defendant's actions violate the Florida Civil Rights Act of 1992, and specifically *Florida Statutes* §§ 760.11 and 509.092, by prohibiting Hyaat Aldahwi from egressing and using a place of public accommodation for over 2 years and otherwise treating her differently from similarly situated members of the public, because of her race/ethnic characteristics/ancestry/national origin and/or by associating with and identifying as being from and part of a certain race/ethnicity/ancestry/national origin; namely, Iraqi.

111.     As a direct and proximate result of the intentional and premeditated violation of the Florida Civil Rights Act by the Defendant with respect to its termination of her, by discriminating against her because of her race/ethnic characteristics/ancestry/national origin and/or by associating with and identifying as being from and part of a certain race/ethnicity/ancestry/national origin; namely, Iraqi, Hyaat Aldahwi has been damaged.

112.     Hyaat Aldahwi's damages include having to cover by using another facility, humiliation, emotional pain, distress, depression, loss of her self-esteem, loss of dignity, loss of enjoyment of life, economic losses, and punitive damages.

WHEREFORE, as to Count III, Hyaat Aldahwi respectfully requests that this Court:

(a)     Order Defendant to institute and carry out policies, practices, and programs which provide equal accommodation opportunities for its employees and for members of the public who patronize it or would like to patronize it, and which eradicate the effects of its past and present unlawful practices.

(b)     Order Defendant to make Hyaat Aldahwi whole by providing compensation for past pecuniary losses, caused by the denial of entry and use into the facility, in amounts to be proven at

trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      (c)     Order Defendant to make Hyaat Aldahwi whole by providing compensation for future pecuniary losses, caused by the denial of entry and use into the facility, in amounts to be proven at trial.

      (d)     Order Defendant to make Hyaat Aldahwi whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, loss of enjoyment of work, and humiliation, in amounts to be proven at trial.

      (e)     Order Defendant to pay Hyaat Aldahwi punitive damages for its malicious and/or reckless conduct, in amounts to be proven at trial.

      (f)     Award Hyaat Aldahwi her attorneys' fees and costs in this action.

      (g)     Grant such further relief as the Court deems necessary and proper.

## COUNT IV

## VIOLATION OF THE FCRA – PUBLIC ACCOMMODATION CLAIM

113.    Hyaat Aldahwi re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 97 as though fully set forth. This count is only brought pursuant to the corporate Defendant National Air Cargo Holdings, Inc.

114.    Defendant discriminated against Hyaat Aldahwi with respect to their egress into and use of employment because of her ancestry/national origin by terminating her.

115.    Defendant's actions violate the Florida Civil Rights Act of 1992, and specifically *Florida Statutes* §§ 760.11 and 509.092, by prohibiting Hyaat Aldahwi from egressing and using a place of public accommodation for over 2 years and otherwise treating her differently from similarly situated members of the public, because of her race/ethnic characteristics/ancestry/national

origin and/or by associating with and identifying as being from and part of a certain race/ethnicity/ancestry/national origin; namely, Iraqi.

116.    As a direct and proximate result of the intentional and premeditated violation of the Florida Civil Rights Act by the Defendant with respect to its termination of her, by discriminating against her because of her race/ethnic characteristics/ancestry/national origin and/or by associating with and identifying as being from and part of a certain race/ethnicity/ancestry/national origin; namely, Iraqi, Hyaat Aldahwi has been damaged.

117.    Hyaat Aldahwi's damages include having to cover by using another facility, humiliation, emotional pain, distress, depression, loss of her self-esteem, loss of dignity, loss of enjoyment of life, economic losses, and punitive damages.

WHEREFORE, as to Count IV, Hyaat Aldahwi respectfully requests that this Court:

(a)    Order Defendant to institute and carry out policies, practices, and programs which provide equal accommodation opportunities for its employees and for members of the public who patronize it or would like to patronize it, and which eradicate the effects of its past and present unlawful practices.

(b)    Order Defendant to make Hyaat Aldahwi whole by providing compensation for past pecuniary losses, caused by the denial of entry and use into the facility, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

(c)    Order Defendant to make Hyaat Aldahwi whole by providing compensation for future pecuniary losses, caused by the denial of entry and use into the facility, in amounts to be proven at trial.

(d)     Order Defendant to make Hyaat Aldahwi whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, loss of enjoyment of work, and humiliation, in amounts to be proven at trial.

(e)     Order Defendant to pay Hyaat Aldahwi punitive damages for its malicious and/or reckless conduct, in amounts to be proven at trial.

(f)     Award Hyaat Aldahwi her attorneys' fees and costs in this action.

(g)     Grant such further relief as the Court deems necessary and proper.

## COUNT V

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

118.    Angela Aldahwi re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 98 as though fully set forth. This cause is brought against all 3 Defendants.

119.    Defendant's causing or allowing Hyaat and Angela Aldahwi to be thrown out of their peer groups and the ice-skating rink in which Hyaat practiced and pinned her Olympic hopes for unlawful reasons, and by instituting a ban for more than 2 years and ongoing, and by throwing Angela out of the rink as well to try to destroy her daughter's hopes of being an Olympic skater was an outrageous act.

120.    Defendant's causing or allowing Angela and Hyaat Aldahwi to be thrown out of their peer group and the ice-skating rink in which Hyaat practiced and pinned her Olympic hopes for unlawful reasons, and by instituting a ban for more than 2 years and ongoing, caused Angela Aldahwi to endure severe emotional distress, which emotional distress caused Angela Aldahwi physical and mental health damage, which caused even more emotional distress. As examples,

a.     Angela Aldahwi has experienced serious panic attacks, withdrawal, depression, lack of sleep, and loss of appetite.

b.    Angela Aldahwi also suffered gastroenterological issues such as severe stomach disorders, headaches, and physical pain, caused by the emotional stress placed upon her by the Defendant.

121.    Angela Aldahwi suffered an audible physical impact because Defendants stated aloud purposefully so she could hear epithets like "fucking Iraqi cunts" and other phrases detailed above, which impact resulted in severe emotional distress to Aldahwi, which manifested itself in physical symptoms, as described above.

122.    Defendant's actions constitute the negligent infliction of emotional distress under such circumstances that a reasonably prudent person would characterize them as outrageous.

123.    In subjecting Hyaat to emotional distress, Defendant's agents acted within the real or apparent scope of the corporate Defendants' business.

WHEREFORE, as to Count V, Angela Aldahwi respectfully requests that she be awarded compensatory damages, for the pain and suffering that she endured as a result of the intentional and outrageous acts of Defendant, and intends to seek punitive damages upon a hearing with the Court, and she seeks pre-judgment and post-judgment interest.

## COUNT VI

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

124.    Angela Aldahwi re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 98 as though fully set forth.  This cause is brought against all 3 Defendants.

125.    Defendant's causing or allowing Hyaat and Angela Aldahwi to be thrown out of their peer groups and the ice-skating rink in which Hyaat practiced and pinned her Olympic hopes for unlawful reasons, and by instituting a ban for more than 2 years and ongoing, and by throwing Angela out of the rink as well to try to destroy her daughter's hopes of being an Olympic skater was an outrageous act.

23

126.    Defendant's causing or allowing Angela and Hyaat Aldahwi to be thrown out of their peer group and the ice-skating rink in which Hyaat practiced and pinned her Olympic hopes for unlawful reasons, and by instituting a ban for more than 2 years and ongoing, caused Hyaat Aldahwi to endure severe emotional distress, which emotional distress caused Hyaat Aldahwi physical and mental health damage, which caused even more emotional distress. As examples,

a.    Hyaat Aldahwi has experienced serious panic attacks, withdrawal, depression, lack of sleep, and loss of appetite.

b.    Hyaat Aldahwi also suffered gastroenterological issues such as severe stomach disorders, headaches, and physical pain, caused by the emotional stress placed upon her by the Defendant.

127.    Hyaat Aldahwi suffered an audible physical impact because Defendants stated aloud purposefully so she could hear epithets like "fucking Iraqi cunts" and other phrases detailed above, which impact resulted in severe emotional distress to Aldahwi, which manifested itself in physical symptoms, as described above.

128.    Defendant's actions constitute the negligent infliction of emotional distress under such circumstances that a reasonably prudent person would characterize them as outrageous.

129.    In subjecting Hyaat to emotional distress, Defendant's agents acted within the real or apparent scope of the corporate Defendants' business.

WHEREFORE, as to Count VI, Hyaat Aldahwi respectfully requests that she be awarded compensatory damages, for the pain and suffering that she endured as a result of the intentional and outrageous acts of Defendant, and intends to seek punitive damages upon a hearing with the Court, and she seeks pre-judgment and post-judgment interest.

24

<u>**COUNT VII**</u>

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST ALF)**

130.    Angela Aldhawi re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 98 as though fully set forth.

131.    Defendant's causing or allowing Hyaat and Angela Aldahwi to be thrown out of their peer groups and the ice-skating rink in which Hyaat practiced and pinned her Olympic hopes for unlawful reasons, and by instituting a ban for more than 2 years and ongoing, and by throwing Angela out of the rink as well to try to destroy her daughter's hopes of being an Olympic skater was an outrageous act.

132.    Defendant's causing or allowing Angela and Hyaat Aldahwi to be thrown out of their peer group and the ice-skating rink in which Hyaat practiced and pinned her Olympic hopes for unlawful reasons, and by instituting a ban for more than 2 years and ongoing, caused Angela Aldahwi to endure severe emotional distress, which emotional distress caused Angela Aldahwi physical and mental health damage, which caused even more emotional distress.  As examples,

a.      Angela Aldahwi has experienced serious panic attacks, withdrawal, depression, lack of sleep, and loss of appetite.

b.      Angela Aldahwi also suffered gastroenterological issues such as severe stomach disorders, headaches, and physical pain, caused by the emotional stress placed upon her by the Defendant.

133.    Alf's actions were intentional and constitute the intentional infliction of emotional distress under such circumstances that a reasonably prudent person would characterize them as outrageous and caused significant damages to Angela Aldahwi.

WHEREFORE, as to all Count VII (which is brought only as to Defendant Alf), Angela Aldahwi respectfully requests that she be awarded compensatory damages, for the pain and

25

suffering that she endured as a result of the intentional and outrageous acts of Aldahwi, and intends to seek punitive damages upon a hearing with the Court, and she seeks pre-judgment and post-judgment interest.

<h2 style="text-align:center">COUNT VIII</h2>

<h2 style="text-align:center">INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST ALF)</h2>

134.    Hyaat Aldahwi re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 98 as though fully set forth.

135.    Defendant's causing or allowing Hyaat and Angela Aldahwi to be thrown out of their peer groups and the ice-skating rink in which Hyaat practiced and pinned her Olympic hopes for unlawful reasons, and by instituting a ban for more than 2 years and ongoing, and by throwing Angela out of the rink as well to try to destroy her daughter's hopes of being an Olympic skater was an outrageous act.

136.    Defendant's causing or allowing Angela and Hyaat Aldahwi to be thrown out of their peer group and the ice-skating rink in which Hyaat practiced and pinned her Olympic hopes for unlawful reasons, and by instituting a ban for more than 2 years and ongoing, caused Hyaat Aldahwi to endure severe emotional distress, which emotional distress caused Hyaat Aldahwi physical and mental health damage, which caused even more emotional distress. As examples,

a.    Hyaat Aldahwi has experienced serious panic attacks, withdrawal, depression, lack of sleep, and loss of appetite.

b.    Hyaat Aldahwi also suffered gastroenterological issues such as severe stomach disorders, headaches, and physical pain, caused by the emotional stress placed upon her by the Defendant.

137.    Alf's actions were intentional and constitute the intentional infliction of emotional distress under such circumstances that a reasonably prudent person would characterize them as outrageous and caused significant damages to Hyaat Aldahwi.

WHEREFORE, as to all Count VIII (which is brought only as to Defendant Alf), Hyaat Aldahwi respectfully requests that she be awarded compensatory damages, for the pain and suffering that she endured as a result of the intentional and outrageous acts of Aldahwi, and intends to seek punitive damages upon a hearing with the Court, and she seeks pre-judgment and post-judgment interest.


## DEMAND FOR TRIAL BY JURY

Aldahwi and Hyaat Aldahwi demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 20, 2015

Respectfully submitted,

By:  s/Chris Kleppin
    Chris Kleppin, Esq.
    Florida Bar No. 625485
    ckleppin@gkemploymentlaw.com
    Glasser & Kleppin, P.A.
    Attorneys for Plaintiff
    8751 W. Broward Blvd, Suite 105
    Plantation, FL 33324
    Tel.  (954) 424-1933
    Fax  (954) 474-7405
Secondary E-mails: esinclair@gkemploymentlaw.com
    dcano@gkemploymentlaw.com

Case 1-14-12414-MJK,   Doc 710-3,   Filed 04/17/17,   Entered 04/17/17 14:50:32,
Description: Exhibit C, Page 28 of 28