UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

IN RE:

NATIONAL AIR CARGO, INC.,

DEBTOR.

CHAPTER 11
CASE NO. 14-12414-MJK

---

**LIMITED OBJECTION OF GLOBAL BTG LLC
TO CONFIRMATION OF THE DEBTOR'S PLAN OF REORGANIZATION**

TO THE HONORABLE MICHAEL J. KAPLAN
UNITED STATES BANKRUPTCY JUDGE:

Global BTG LLC ("Global"), by and through its counsel Perkins Coie LLP, hereby submits this limited objection (the "Objection") to confirmation of the Debtor's plan of reorganization (the "Plan") and in support thereof, respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. Global supports confirmation of the Plan in general.[1] The Plan in its current form is the culmination of years' worth of negotiations, mediations, litigation and the sweat of all parties involved. Simply put, it is a fair deal for everyone—assuming the Debtor, Non-Debtor Affiliates and Mr. and Ms. Alf satisfy their obligations under the Plan.

## II. BACKGROUND

2. Plan confirmation is scheduled for November 6, 2017. <u>Global will not consent to an adjournment of Plan confirmation. Plan confirmation must go forward on November 6</u>.

---

[1] Global reserves the right to request and require changes to the Plan and all supporting documents (for example, the stipulated judgment and guarantees) through entry of the Confirmation Order and the Effective Date, respectively. Having said that, Global continues to work with all parties to resolve issues and, based on its discussions with the Debtor and Non-Debtor Affiliates, is hopeful that changes on most issues will likely be consensual.

137487493.1


## III. RELIEF SOUGHT

3. There are three issues Global raises in this Objection: (i) documents that remain to be finalized are still being negotiated and Global reserves all rights to bring objections if the documents are not finalized as required by the parties' settlement agreement; (ii) a provision should be added to the Confirmation Order (or in a standalone order) in the event the Plan does not become effective; and (iii) release issues.

Outstanding Documents

4. There are a number of documents that are required to be finalized in order for the Plan to become effective, including, but not limited to (i) guarantees to be executed in favor of various parties; (ii) stipulated confession of judgments and (iii) the Confirmation Order.

5. These documents are in a varying state of completeness. Global understands that all parties are in agreement that these documents must be finalized forthwith (and are required for the Plan to become effective) and it appears that everyone is working cooperatively to finalize the supporting documents.

6. Global suggests that the parties finalize these documents forthwith and raise with the Court at Plan confirmation on November 6 any issues that have arisen so as to effectively deal with such issues while everyone is in the same room (i.e. the courtroom) and efficiently use the Court's resources.

7. At the hearing, Global will request that the Court set a deadline for finalizing the foregoing documents. Global respectfully requests that such finalization occur no later than November 10, 2017.

2

137487493.1
Case 1-14-12414-MJK, Doc 842, Filed 10/30/17, Entered 10/30/17 15:01:24, Description: Main Document , Page 2 of 6

Failure of the Plan to Become Effective

8. The conditions precedent to the Effective Date are found in Section 11.1 of the Plan. Section 11.1 (iii) of the Plan requires that the Initial Payments be funded prior to the Plan becoming effective.

9. The Effective Date is defined in Section 2.1.38 and sets an outer limit for the Effective Date of no later than 30 days after the Confirmation Order becomes a Final Order.

10. The calculation of the last date for the Effective Date to occur is as follows: (i) Plan Confirmation hearing on November 6, with Confirmation Order entered on the same date; (ii) Confirmation Order becomes final and non-appealable fourteen (14) days later on November 20; and (iii) thirty (30) days after November 20 is December 20.

11. On December 20, Global is hopeful (and expects) that the Initial Payments will have been made. Having said that, "hope" is not enough to provide assurance to Global, nor any other creditor or the Court.

12. As detailed previously, this Chapter 11 case has been the culmination of years' worth of work. There have been ups and downs. There have been promises made and promises broken. After three years and extensive litigation, some basic issues have yet to be resolved.

13. For example, even at this late date, no one knows exactly where the Initial Payments are coming from or whether they can even be made.[2] The business continues to lose money, yet promises have been made that millions of dollars can and will be paid to creditors, both now and in the future. As a famous politician once said, "trust but verify." Global respectfully submits that this is exactly what the Court must do here.

---

[2] It is important to note that of the initial $6M due to Global at the Effective Date, $4M is coming from insurance (and there does not appear to be any issue with that portion of the payment). The Initial Payment concern referred to in this Objection relate solely to the $2M due from Mr. Alf, the Debtor and/or the Non-Debtor Affiliates, particularly because none of them have provided any information, despite many requests.

3

14. The Confirmation Order (or better yet, a standalone order so that no one can argue the Confirmation Order is not effective because the Plan did not become effective) should make clear that if there is a failure to make the Initial Payments (which in turn would mean a failure of the Effective Date to occur), there is an immediate consequence which allows the parties and the Court to maintain control over the case.

15. Global submits that the Court should include in the Confirmation Order the following language:

> "If the conditions precedent found in the Plan at Section 11.1 have not been satisfied by December 20, 2017, the Debtor is directed, by no later than January 3, 2018, to (a) file a detailed affidavit signed by Mr. Alf and Mr. Tew (or his replacement or equivalent current employee, officer or director) as to why the default occurred, the steps taken to ensure the default is remedied immediately, and all of the facts leading to the default; and (b) show cause as to why a Chapter 11 Trustee should not be appointed. The Court will then set a hearing date for appointment of a Chapter 11 Trustee shortly thereafter and all counsel and Mr. and Ms. Alf must appear in person in the Bankruptcy Court for the Western District of New York at Buffalo. Failure to file the foregoing affidavit or appear will result in the Court immediately appointing a Chapter 11 Trustee and appropriate sanctions to be determined by the Court."

<u>Releases</u>

16. On May 15, 2017, Global, the Debtor and Non-Debtor Affiliates entered into a settlement agreement (the "Settlement Agreement") which requires that full releases be exchanged between Global on one side and all Debtor, Non-Debtor Affiliates and Mr. and Ms. Alf (collectively, "NAC") on the other side.

17. On September 6, 2017, the Office of the United States Trustee filed its objection. <u>See</u> Docket 822. Among the many issues raised were releases.

4

137487493.1
Case 1-14-12414-MJK, Doc 842, Filed 10/30/17, Entered 10/30/17 15:01:24, Description: Main Document , Page 4 of 6

18. As this Court is aware, Global and NAC have been engaged in litigation for nearly a decade.

19. Global has always believed that at the end of this process, NAC and Global should mutually release each other from all claims (other than those potentially arising from payments required under the Plan and related guarantees and stipulated judgments). NAC agrees and the Settlement Agreement so states.

20. The Plan (or equivalent mechanism) must provide full mutual releases as outlined above and in the Settlement Agreement. The objection of the Office of the United States Trustee essentially places form over substance, in that if the parties first asked this Court to approve the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 there would be no issue with the proposed releases, but because the releases are part of the Plan, the Office of the United States Trustee believes they are not appropriate.

21. Accordingly, Global respectfully submits that this Court should review the proposed releases under the standards of Federal Rule of Bankruptcy Procedure 9019 and approve the mutual releases between NAC and Global, as was bargained for in the Settlement Agreement. If the Office of United States Trustee requests a Rule 9019 Motion to be filed, Global believes all parties would certainly be willing to consider that avenue to resolve the objections raised.

137487493.1
Case 1-14-12414-MJK, Doc 842, Filed 10/30/17, Entered 10/30/17 15:01:24, Description: Main Document , Page 5 of 6

## IV. **CONCLUSION**

22. Global supports the Plan assuming these issues can be resolved. Global stands ready to work with all parties to bring this case to a conclusion.

Dated: October 30, 2017

PERKINS COIE LLP
Attorneys for Global BTG LLC


By: */s/ Jeffrey D. Vanacore*
Schuyler G. Carroll, Esq.
Jeffrey D. Vanacore, Esq.
SCarroll@perkinscoie.com
JVanacore@perkinscoie.com
30 Rockefeller Plaza, 22nd Floor
New York, NY  10112-0085
212.262.6900

6

137487493.1
Case 1-14-12414-MJK, Doc 842, Filed 10/30/17, Entered 10/30/17 15:01:24,
Description: Main Document , Page 6 of 6